UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN GEORGE,

        Plaintiff,

Case No. 1:09-cv-323

Hon. Robert J. Jonker

vs.

MOHAMAD H. ELNABTITY,
*et al.*,

        Defendants.
                                /

**ORDER**

This matter is now before the court on "defendant Scott Holmes, M.D.'s motion to compel answers to interrogatories, responses to requests for production of documents, and plaintiff to authorize access to his full and complete medical records" (docket no. 45).

In his amended complaint, plaintiff has alleged that defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment, for the surgical removal of the tumor and two subsequent surgeries related to that medical condition. Plaintiff allegedly received treatment by Michigan Department of Corrections (MDOC) personnel and underwent surgical procedures at Sparrow Hospital. On August 11, 2009, defendant Dr. Holmes served plaintiff with his First Request for Production of Documents and his First Interrogatories. The First Request for Production sought nine categories of documents, including request number 5, which asked plaintiff to produce "any and all medical records" pertaining to his treatment and a signed authorization to permit defendant to obtain a complete copy of his medical chart from the MDOC and Sparrow Hospital. *See* First Request for Production (docket no. 45-3). The First Interrogatories consisted of 13 questions. *See* First Interrogatories (docket no. 45-4). Defendant contends that

plaintiff did not produce the documents or answer the interrogatories within 30 days as required by Fed. R. Civ. P. 33.

Defendant filed a motion to compel pursuant to Fed. R. Civ. P. 37(a)(3)(B), which provides that a party seeking discovery may move for an order compelling an answer or production if "(iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34." In his response to the motion, filed on October 8, 2009, plaintiff stated that "on or about August" he sent defendant's attorney "a signed authorization to receive complete medical records from the Michigan Department of Corrections" and "the requested personal information to Defendant Scott Holmes interrogatories." *See* docket no. 50. Attached to plaintiff's response were (1) an original document entitled "patient's authorization for disclosure of health information" authorizing release of records from the MDOC's Oaks Correctional Facility to defendant's counsel dated October 7, 2009; (2) an original document entitled "authorization for release of personal and health information" authorizing the release of information from the MDOC and/or Oaks Correctional Facility to defendant's counsel dated October 7, 2009; and (3) a copy of an expedited prisoner legal mail receipt indicating that certified mail was sent to defendant's counsel on August 31, 2009. *See* docket no. 50-2.

Contrary to plaintiff's assertions, these documents do not demonstrate that he submitted a timely response to either the First Request for Production or the First Interrogatories. In a "supplemental brief," defendant acknowledged that plaintiff sent an authorization to obtain his medical records at the MDOC, but that plaintiff has still not granted defendant access to his medical records from Sparrow Hospital, and has not provided responses to the First Request to Produce or the First Interrogatories. *See* docket no. 51.

2

The record before the court reflects that plaintiff has executed an authorization for defendant to obtain his medical records from the MDOC. Plaintiff does not object to defendant obtaining his medical records from Sparrow Hospital, but it appears from the record that he has not yet executed an authorization allowing defendant access to these records. Plaintiff has neither demonstrated that he complied withe the remaining discovery requests nor set forth any reasons for failing to respond to these outstanding requests.

Accordingly, **IT IS ORDERED** that defendant's motion to compel (docket no. 45) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall either produce his medical records from Sparrow Hospital to defendant, or execute an authorization allowing defendant access to those medical records, within 14 days of the entry of this order.

**IT IS FURTHER ORDERED** that plaintiff shall respond to all other outstanding discovery requests within 28 days of the entry of this order.


Dated: June 9, 2010 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge